**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-cv-23704-JEM**

---

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

BIN HAO and,
QIDIAN, LLC,

      Defendants.

---

**PLAINTIFF'S UNOPPPOSED MOTION FOR ENTRY OF JUDGMENTS
AS TO DEFENDANTS BIN HAO AND QIDIAN, LLC**

### I.      Introduction

Plaintiff Securities and Exchange Commission ("Commission") moves for entry of the proposed Judgments against Defendants Bin Hao ("Hao") and Qidian, LLC ("Qidian") (collectively "Defendants") (Exhibits A and B, respectively). For the reasons set forth below, the Court should enter the proposed Judgments to which Hao and Qidian have consented (Exhibits C and D, respectively).

### II.      Procedural History

On September 28, 2023, the Commission filed its Complaint against Defendants. The Commission alleged Qidian, to which Hao was the founder, sole principal, and managing member, sold promissory notes and membership interests in various special purpose vehicles to investors for development of real estate projects with high rates of return to facilitate providing loans to a Miami-based real estate company that became insolvent and filed for bankruptcy in 2020. The Commission further alleged that after the real estate company ceased paying nearly all interest on

loans it received from Qidian in January 2019, Defendants failed to disclose the deteriorating financial condition to investors and continued to solicit and raised at least $10.3 million of investments from at least 67 investors.  In addition, the Complaint alleges Defendants used $2.3 million raised from new investors to pay previous investors their principal due on older investments and/or as interest payments, and that Hao misappropriated more than $1.5 million.

The Commission contends in this action that Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].   The Commission's action seeks permanent injunctive relief against Defendants as to the violations charged, an officer and director bar against Hao, and disgorgement, with prejudgment interest thereon, and civil penalties against Defendants.  Defendants filed and served their Answers and Affirmative Defenses to the Complaint on February 20, 2024.  [DE 23 and 24].

By their Consents, Defendants agree to the entry of the proposed Judgments attached as Exhibits A and B, which will resolve the Commission's claims for injunctive relief against Defendants, and will also resolve the Commission's claims for an officer and director bar against Hao.  The monetary claims for disgorgement, prejudgment interest, and civil penalty will remain, the appropriateness of which shall be determined by the Court.

### III.  Memorandum of Law

#### A.  Permanent Injunctive Relief

The proposed Judgments comply with Federal Rule of Civil Procedure 65(d), which provides that "[e]very order granting an injunction  . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the

complaint or other document—the act or acts sought to be restrained or required." *See* Fed. R. Civ. P. 65(d). "This specificity requirement is necessary to protect those who are enjoined by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction or restraining order." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200 (11th Cir. 1999) (internal quotations omitted).

The proposed Judgments also conform with Eleventh Circuit law, which requires that judgments for injunctive relief describe in reasonable detail the acts or conduct sought to be restrained. *SEC v. Goble*, 682 F.3d 934, 951-52 (11th Cir. 2012); *see also SEC v. Graham*, 823 F.3d 1357, 1362 n.2 (11th Cir. 2016) (noting that the court has repeatedly said "in the context of SEC enforcement actions and otherwise, 'obey-the-law' injunctions are unenforceable."). The Eleventh Circuit held in *Goble* that because some "obey-the-law" injunctions lack specificity, they "deprive defendants of procedural safeguards that would ordinarily accompany a future charge of a violation of the securities laws." *SEC v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012). The Court questioned whether an injunction that merely repeats the language of Section 10(b) and Rule 10b-5 of the Exchange Act would survive judicial scrutiny. *Id.* at 951. The Court expressed concern that given the wide range of conduct covered by Section 10(b) and Rule 10b-5 of the Exchange Act, and the large amount of case law interpreting those provisions, simply reciting the language of the statute and rule in an injunction fails to provide the detail needed to "inform the defendant of precisely what conduct is forbidden." *Id*. at 952.

*Goble* acknowledged that an obey the law injunction based on a statutory provision that states specifically what is required to comply with it could satisfy FRCP 65(d)(1). Applying this principle, the Court indicated that an injunction against violations of Exchange Act Sections 15(c)(3) and 17(a) and Exchange Act Rules 15c3-3 and 17a-3 may be permissible because the

rules "specifically describe the acts required of the person enjoined." *Id.* at 952.  Thus, under *Goble*, "a broad, but properly drafted injunction, which largely uses the statutory or regulatory language" is permissible "so long as it clearly lets the defendant know what he is ordered to do or not." *Id.* at 952.

Accordingly, district courts in this Circuit have entered injunctions consistent with *Goble* that incorporate the actual language of the relevant statute or rule and also specifically describe the acts required of the person enjoined.  *See, e.g.*, *SEC v. Natural Diamonds Invst. Co., et al, No. 19-cv-80633-RLR (S.D. Fla.,* Oct. 18, 2023) (final judgments of permanent injunction and other relief against the individual defendants that included specific language identifying prohibited conduct); *SEC v. Fettner*, Case No. 9:19-cv-80613-RLR (S.D. Fla. May 30, 2019) (same); *SEC v. Schneider*, 9:17-cv-81142-RLR (S.D. Fla. Apr. 5, 2019) (same).

Here, the Commission has filed proposed Judgments that include a permanent injunction that "largely uses" the language of Section 10(b) and Rule 10b-5 of the Exchange Act and 17(a) of the Securities Act, but that also and critically, pursuant to *Goble*, specifically describes the enjoined conduct.  Incorporated at the end of each subsection of the anti-fraud provisions alleged, the proposed Judgment includes the following descriptive language:

> by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:
>
> > (A) any investment strategy or investment in securities,
> > (B) the prospects for success of any company,
> > (C) the use of investor funds,
> > (D) compensation to any person; or
> > (E) the misuse of investor funds or investment proceeds.

4

Thus, in addition to tracking the requisite statutory language, the injunctive language includes specific prohibitions which are directly tied to the allegations in the Complaint and properly put the Defendants on notice of the conduct which is prohibited.

Thus, the proposed Judgments ordering injunctive relief against the Defendants are consistent with *Goble* and the permanent injunctions previously entered by courts in this district and, through the Consents filed herewith (Exhibits C and D), Defendants have explicitly consented to permanent injunction language.

**B.  Additional Relief**

As additional relief, Hao has consented to the entry of an officer and director bar pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], permanently prohibiting Hao from acting as an officer or director of any company that has a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or which is required to file reports with the Commission pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

Both Defendants' Consents and corresponding proposed Judgments recognize that the Commission may move for an order directing Defendants to pay disgorgement, prejudgment interest, and a civil penalty in amounts to be determined by the Court.  The Parties are in negotiations as to these monetary issues.

### IV.  <u>Conclusion</u>

WHEREFORE, the Commission respectfully requests that the Court enter the proposed Judgments against Hao and Qidian to which they have consented.

**<u>Certificate of Conferral</u>**

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel for the Commission conferred with counsel for Hao and Qidian, who do not object to the entry of the proposed Judgments.

Dated: November 20, 2024                                Respectfully submitted,


By:      /s/ Alice Sum
         Alice Sum
         Senior Trial Counsel
         Fla. Bar No. 354510
         Direct Dial: (305) 416-6293
         Email: sumal@sec.gov

         Attorney for Plaintiff
         **Securities and Exchange Commission**
         801 Brickell Avenue, Suite 1950
         Miami, FL 33131
         Telephone: (305) 982-6300
         Facsimile: (305) 536-4154