UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cv-23704-JEM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BIN HAO and,
QIDIAN, LLC,

Defendants.

## CONSENT OF BIN HAO TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1.     Defendant Bin Hao ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.     Without admitting or denying the allegations of the Complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which he admits), Defendant consents to the entry of the Judgment of Permanent Injunction and Other Relief Against Defendant Bin Hao ("Judgment") in the form attached hereto and incorporated by reference herein.  The Judgment, among other things:

a)  permanently restrains and enjoins Defendant from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rule 10(b)-5 [15 U.S.C. §78j(b) and 17 C.F.R. §240.10-5]; and

**EXHIBIT**

**C**

    b) permanently bars Defendant Bin Hao from serving as an officer or director of any company that has a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3. Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from January 31, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission, to him or to anyone acting on his behalf, to induce him to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

3

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a Defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the Defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), he: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that he does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and

4

restore this action to its active docket. Nothing in this paragraph affects Defendant's:
(i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by him to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the Judgment is entered.

14. Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 11/12/2024

By: _____
Bin Hao

STATE OF  Virginia                    )
COUNTY OF  Fairfax                    )

On this 12th day of November 2024, before me personally appeared Bin Hao, who _____ is personally known to me or __✓__ produced a driver's license bearing his name and photograph as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

_____
Notary Public

Approved as to Form:

_____
Daniel Newman
Fla. Bar No. 962767
Nelson Mullins Riley & Scarborough LLP
One Biscayne Tower, 21st Floor
2 Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-9467
Email: dan.newman@nelsonmullins.com

Attorneys for Bin Hao

ARUZO ASADI
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES AUG. 31, 2028
COMMISSION # 8102849